## INDIANA BAPTIST PUBLISHING COMPANY *v.* AYER ET AL.

[No. 4,989.    Filed October 14, 1904.    Petition to withdraw waiver denied December 14, 1904.]

TRIAL.—*Evidence.*—*Deposition.*—*Variance Between Place in Notice and Place Where Taken.*—*Suppression.*—Where notice was given to defendant that plaintiff would take the deposition of a witness at "the office of H. C. Stover, 725 Walnut street," Philadelphia, Pennsylvania, and the deposition was taken, in the absence of defendant, at "the office of William C. Stover, 727 Walnut street," a motion to suppress should have been sustained, since by statute the notice to take

must show a fixed place and a definite time, and for aught that appears defendant may have appeared at the time and place appointed.

From Superior Court of Marion County (64,869); *James M. Leathers,* Judge.

Action by F. Wayland Ayer and others against the Indiana Baptist Publishing Company. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*Wilborn Wilson,* for appellant.
*Charles O. Roemler,* for appellees.

WILEY, J.—The only question presented by the assignment of errors is the overruling of appellant's motion for a new trial. The questions to be considered may properly and concisely be stated under three heads: (1) That the decision of the court is contrary to law, and not supported by sufficient evidence; (2) that the trial court erred in overruling appellant's motion to suppress the deposition of Albert G. Bradford; and (3) that the court erred in allowing appellees to file an amended complaint after the conclusion of the evidence and the arguments of counsel.

We will consider and determine first the second question above stated. There are two reasons assigned in the motion to suppress the deposition, the first of which is that it was not taken at the place indicated and specified by the notice. The deposition was taken by appellees, and by the notice it was to have been taken at the office of "H. C. Stover, 725 Walnut street, city of Philadelphia, county of Philadelphia and state of Pennsylvania," on the 6th day of June, 1903, between the hours of 8 o'clock a. m. and 6 o'clock p. m. of said day. The certificate of the notary public, before whom the deposition was taken, shows that it was taken at the office of William C. Stover, at 727 Walnut street, in said city, county and state, on the day specified in the notice, and between the hours of 10 o'clock a. m. and 12 o'clock noon of said day. The certificate further shows

that the appellant was not present at the taking of the deposition, either in person or by attorney. There are two reasons why this motion should have been sustained: (1) The deposition was not taken at the office of the person named in the notice, nor was it taken at the place therein indicated. H. C. Stover and William C. Stover are two entirely different persons. The notice given was to take the deposition at the office of H. C. Stover, 725 Walnut street, while the certificate shows that the deposition was taken at the office of William C. Stover, 727 Walnut street. So far as is disclosed by the record, H. C. Stover may have an office at 725 Walnut street, while William C. Stover has an office at 727 Walnut street. It may be that appellant was not present either in person or by attorney at the taking of the deposition, because it was present at the time and place indicated in the notice.

The statute (§423 Burns 1901, §419 R. S. 1881) requires that a party desiring to take a deposition shall give notice to the adverse party, and in such notice, among other things, it must be stated that such deposition will be taken at a fixed place and at a definite time. There is such a variance between the place where the deposition was actually taken and where the notice required it to be taken that the motion to suppress should have been sustained. The deposition was the only evidence on behalf of the appellees. Counsel for appellant has discussed at some length the action of the court in permitting the amended complaint to be filed after the close of the evidence and the conclusion of the argument, but the conclusion we have reached upon the overruling of the motion to suppress the deposition renders it unnecessary for us to decide this question.

The judgment is reversed, and the trial court is directed to sustain appellant's motion for a new trial.